NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES T. THIGPEN, | |
| Plaintiff, | No. 17 C 8792 |
| v. | Magistrate Judge Mary M. Rowland |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James T. Thigpen filed this action seeking reversal of the final decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits (DIB) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act). 42 U.S.C. §§ 405(g), 423 *et. seq*, 1381 *et seq*. The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C § 636(c), and filed cross motions for summary judgment. For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

Plaintiff applied for DIB on December 26, 2013, and for SSI benefits on December 30, 2013, alleging that he became disabled on April 1, 2013,[1] due to osteoarthritis,

---

[1] At the hearing, Plaintiff amended his alleged onset date from June 1, 2010 to April 1, 2013. (R. at 17).

high blood pressure, high cholesterol, and depression. (R. at 191–99, 213). The applications were denied initially and upon reconsideration, after which Plaintiff filed a timely request for a hearing. (*Id.* at 69–70, 100–01, 154–56). On August 26, 2016, Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge (ALJ). (*Id.* at 13–55). The ALJ also heard testimony from Thomas F. Dunleavey, a vocational expert (VE). (*Id.*). The ALJ denied Plaintiff's request for benefits on November 3, 2016. (*Id.* at 105–16). Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 1, 2013. (*Id.* at 107). At step two, the ALJ found that Plaintiff's osteoarthritis, carpal tunnel syndrome, affective disorder, and substance (alcohol) addiction disorder were severe impairments. (*Id.*). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the enumerated listings in the regulations. (*Id.* at 108). The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[2] and determined that Plaintiff has the RFC to perform medium work, except:

> [H]e cannot climb ladders, ropes, or scaffolds. [He] can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. [He] is limited to frequent exposure to unprotected heights and moving

---

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

2

mechanical parts. [Plaintiff] is limited to frequent fingering with the right (dominant) hand. [He] is further limited to simple, routine work in a low stress environment defined as having simple work-related decisions and routine changes in the work environment. [He] is further limited to occasional interaction with co-workers and no interaction with the public.

(*Id.* at 109–10). Based on Plaintiff's RFC and the VE's testimony, the ALJ determined at step four that Plaintiff is unable to perform any past relevant work. (*Id.* at 114). At step five, based on Plaintiff's RFC, his vocational factors, and the VE's testimony, the ALJ determined that there are jobs that exist in significant numbers in the local economy that Plaintiff can perform, including laundry laborer, warehouse worker, and kitchen helper. (*Id.* at 115). Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from the alleged onset date through the date of the ALJ's decision. (*Id.* at 115–16). The Appeals Council denied Plaintiff's request for review on October 2, 2017. (*Id.* at 1–4). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the SSA. In reviewing this decision, the Court may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are

supported by substantial evidence." *Id.* (citing § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004); *see Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) ("We will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "This deferential standard of review is weighted in favor of upholding the ALJ's decision, but it does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002).

## III. DISCUSSION

Plaintiff raises several arguments in his request for remand. After reviewing the record and the parties' briefs, the Court is persuaded by Plaintiff's argument that the mental RFC assessment and corresponding VE hypothetical did not appropriately address Plaintiff's impairments in concentration, persistence, or pace.[3]

"The RFC is an assessment of what work-related activities the claimant can perform despite her limitations." *Young*, 362 F.3d at 1000; *see* 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations."); Social Security Ruling (SSR) 96–8p, at *2 ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). In the Seventh Circuit, "both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto,* 374 F.3d 470, 473–74 (7th Cir. 2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."); *O'Connor-Spinner v. Astrue,* 627 F.3d 614, 619 (7th Cir. 2010); *see also* Social Security Ruling (SSR) 96-5p, at *5 (RFC assessment "is based upon consideration of all relevant evidence in the case record, including medical

---

[3] Because the Court remands on this basis, it need not address Plaintiff's other arguments at this time.

evidence and relevant nonmedical evidence"); 20 C.F.R. § 404.1545. "Among the mental limitations that the VE must consider are deficiencies of concentration, persistence, or pace." *Varga v. Colvin,* 794 F.3d 809, 813 (7th Cir. 2015); *see Stewart v. Astrue,* 561 F.3d 679, 684 (7th Cir. 2009) (hypothetical question "must account for documented limitations of 'concentration, persistence, or pace' ").

At step two, the ALJ determined that Plaintiff's affective disorder was a severe impairment; and, at step three, the ALJ found that Plaintiff had mild limitations in activities of daily living; moderate limitations in social functioning; and moderate limitations in concentration, persistence, and pace. (R. at 107–09). To account for these mental limitations, the ALJ concluded that Plaintiff's mental RFC is limited to: "simple, routine work in a low stress environment defined as having simple work related decisions and routine changes in the work environment;" and "occasional interaction with co-workers and no interaction with the public." (*Id.* at 109–10). At the hearing, the ALJ used the same language in her hypothetical to the VE. (*Id.* at 51).

Plaintiff contends that the ALJ's hypothetical failed to "apprise the [VE of Plaintiff's] specific concentration limitations." (Pl.'s Mem, Dkt. 12, at 7). The Court agrees. While there is no specific language prescribed for addressing limitations in concentration, persistence, and pace, the Seventh Circuit has "repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt,* 758 F.3d at 858–59; *see*

*O'Connor-Spinner,* 627 F.3d at 620 ("[E]mploying terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the [VE's] consideration those positions that present significant problems of concentration, persistence and pace"); *Craft v. Astrue,* 539 F.3d 668, 677–78 (7th Cir. 2008) (finding that restricting claimant to unskilled, simple work does not account for his difficulty with memory, concentration, and mood swings); *Stewart,* 561 F.3d at 685 (rejecting contention that restricting plaintiff to simple, routine tasks that do not require constant interactions with coworkers or the general public adequately accounts for limitations in concentration, persistence, and pace).

Decidedly, the Seventh Circuit has held that "for most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical [posed to a vocational expert] in order to focus the [expert's] attention on these limitations[.]" *O'Conner-Spinner*, 627 F.3d at 620–21. Exceptions to this general rule exist when the VE has "independently reviewed the medical record or heard testimony directly addressing those limitations." *Id.* at 620. Neither of these exceptions applies here. Nothing in the record suggests that the VE reviewed the medical record or heard testimony addressing Plaintiff's limitations in concentration, persistence or pace. And, as Plaintiff correctly asserts, "[n]o doctor opined that [Plaintiff's] concentration issues appropriately translated into and were accommodated by simple routine and low-stress work." (Pl.'s Mem., Dkt. 12, at 7). Similarly, this case does not fall under the exception outlined in *O'Conner-Spinner* where the Seventh Circuit "[has] let stand an ALJ's hypothetical omitting the terms

'concentration, persistence and pace' when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *Id*. at 619. As the Court in *O'Conner Spinner* explained, this exception mainly pertains "when a claimant's limitations were stress- or panic- related and the hypothetical restricted the claimant to low-stress work." *Id*. That is not the situation here.

Notably, the Commissioner does not address Plaintiff's objection to the hypothetical posed to the VE. Rather, she focuses her argument on justifying the ALJ's mental RFC assessment. The Commissioner maintains that the ALJ reasonably relied on "normal" treatment notes and observations made by the psychiatric consultative examiner, Dr, Fine, to support her mental RFC limitations. (Def.'s Mem., Dkt. 15, at 10–11). The ALJ did cite to Dr. Fine's December 2014 consultation examination report, stating:

> Dr. Fine noted that the claimant was able to use public transportation in order to commute to and from the appointment. He also noted that the claimant presented neatly groomed with even mood with some range of appropriate affect. He further noted that the claimant's substance abuse disorder was early remission and that the claimant demonstrate an immediate memory deficit and poor fund of information.

(R. at 113) (citations omitted). However, the ALJ failed to explain how those observations justify a conclusion that simple, routine work adequately addressed Plaintiff's moderate limitations in concentration, persistence, or pace. *See Mack v. Berryhill*, No. 16 CV 11578, 2018 WL 3533270, at *4 (N.D. Ill. July 23, 2018) (noting that the ALJ failed to explain how limiting plaintiff to simple, routine tasks was

8

consistent with limitations in concertation, persistence, or pace). Accordingly, the ALJ failed to build a logical bridge from the evidence to her conclusion.

Because the ALJ did not account for all of Plaintiff's limitations in concentration, persistence and pace in her mental RFC assessment or in her questioning of the VE, "the [VE]'s assessment of the jobs available to [Plaintiff] necessarily is called into doubt, as is the ALJ's conclusion that [Plaintiff] is not disabled under the Social Security Act." *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018). Accordingly, the ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall pose a hypothetical question that explicitly "account[s] for documented limitations of 'concentration, persistence, or pace.'" *Stewart,* 561 F.3d at 684.

## VI. CONCLUSION

For the reason's stated above, Plaintiff's Motion for Summary Judgment [Dkt. 12] is **GRANTED** and Defendant's Motion for Summary Judgment [Dkt. 14] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405, the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: October 18, 2018

_____
MARY M. ROWLAND
United States Magistrate Judge